**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cr-00058-TWP-MG |
| | ) | |
| MALIQUE DONTE WRIGHT, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT**

This matter is before the Court on a Motion to Dismiss Indictment filed by Defendant Malique Wright ("Wright"). (Filing No. 27). On March 11, 2026 Wright was indicted by a federal grand jury, charging him with one count of escape in violation of 18 U.S.C. § 751(a) (Filing No. 15). Wright seeks dismissal, arguing the Indictment was filed beyond the time permitted under the Speedy Trial Act. For the reasons discussed below, the motion is **denied**.

## I.  BACKGROUND

Prior to his indictment in this case, Wright pleaded guilty to one count of felon in possession of a firearm in the Northern District of Indiana under case number 3:20-cr-00066-DRL-SJF (Filing No. 1 at ¶ 5). In that case, Wright was sentenced on January 15, 2021, to a 51-month term of imprisonment to be followed by two years of supervised release. *Id.* His sentence was later amended on January 31, 2024, to 46 months imprisonment with two years of supervised release. *Id.* Wright completed his 46-month term of imprisonment and began his term of supervised release. *Id.* at ¶ 5.

Unfortunately for Wright, he was found to have violated the conditions of his supervised release in the Northern District case, and was sentenced to serve 18 months imprisonment, with the Bureau of Prisons, on September 16, 2024. *Id.* at ¶ 6. He remained there until his transfer to

Volunteers of America on August 27, 2025. *Id.* at ¶ 7. While at Volunteers of America, Wright was in custody and continued to serve his sentence for the felon in possession of a firearm conviction. *Id.*

Wright is alleged to have escaped custody on November 15, 2025, when he left Volunteers of America without permission. *Id.* at ¶ 8. The Government alleges that Wright removed his GPS monitoring device and entered a vehicle that was waiting outside. *Id.* at ¶ 8. He was placed on escape status at 6:00 p.m. that evening. *Id.* at ¶ 8. A criminal complaint was filed on November 21, 2025, and an arrest warrant was issued that same day (Filing No. 1; Filing No. 4).

The arrest warrant for Wright remained outstanding until January 28, 2026, when he was arrested in Ypsilanti, Michigan (Filing No. 6).  That same day, Wright appeared before a United States Magistrate Judge in the Eastern District of Michigan. The Government petitioned for Wright's transfer and removal to the Southern District of Indiana, and also moved for Wright's pretrial detention. *See United States v. Wright*, 2:26-mj-30047-DUTY, Dkt. 1 (E. D. Mich. 2026). Wright waived the identity hearing, and consented to remain in pretrial detention while retaining the right to preliminary and full detention hearings in the district of prosecution. *Id.* at 5, 6. At the conclusion of the hearing, an order transferring Wright's case to the Southern District of Indiana was issued. *Id.* at 7.

Wright was then transferred to the Sanilac County Jail in Sandusky, Michigan, where he was held until February 25, 2026. Wright was then taken to the Grady County Jail in Chickasha, Oklahoma (Filing No. 31-1 at 1). He arrived at the Grayson County Jail in Leitchfield, Kentucky, on March 3, 2026 (Filing No. 31-1 at 1).

On March 5, 2026, the Government filed a notice of readiness for initial appearance, and an initial hearing was held before a Magistrate Judge on March 9, 2026 (Filing No. 10; Filing No.

12). At the hearing, Wright appeared in person and by counsel, and the Magistrate Judge found probable cause for the alleged offense. *Id.* The Government renewed its motion for pretrial detention, which was set for a hearing on March 16, 2026. *Id.* The Court also appointed counsel for Wright at his initial appearance (Filing No. 12; Filing No. 14).

On March 11, 2026 the grand jury returned an Indictment, and the Government filed a Notice of Readiness for Initial Appearance (Filing No. 15; Filing No. 22). The initial appearance on the indicted charge was held on March 16, 2026, and Wright, represented by counsel, orally waived his right to a detention hearing (Filing No. 28). As a result, Wright was ordered detained pending trial. *Id.* In the meantime, Wright moved to dismiss the indictment on March 13, 2026 (Filing No. 27), and the Court entered a briefing schedule (Filing No. 29). The Government filed its response in opposition on March 25, 2026 (Filing No. 31). Wright's reply, if any, was due "no later than 14 days after the response [was] filed," which was April 8, 2026 (Filing No. 29). That date has passed with no reply brief filed by Wright. The motion is ripe for ruling.

## II.        LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) provides that a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. Proc. 12(b)(1). When considering a motion to dismiss a criminal indictment, the Court assumes that the indictment's factual allegations are true and must "view all facts in the light most favorable to the government." *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999). When a motion to dismiss the indictment is founded on the Speedy Trial Act, it is the defendant's burden to prove that a violation of the Act has occurred. *See United States v. O'Connor*, 656 F.3d 630, 633 (7th Cir. 2011).

### III.    DISCUSSION

Wright has moved to dismiss the indictment, citing the hard deadline provided in the Speedy Trial Act. Relevantly, an "indictment charging an individual with the commission of an offense shall be filed within [30] days from the date on which such individual was arrested . . . ." 18 U.S.C. § 3161(b). Penalties for failure to comply with the Act can be severe, as failure to file an indictment within the prescribed time requires dismissal of the complaint. *Id.* at § 3162(a)(1). However, there are several "periods of delay" that are "excluded in computing the time within which an information or indictment must be filed." *Id.* at § 3161(h).

The Government points to two exclusionary periods in this case: the period of delay resulting from 1) "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;" and 2) "transportation of any defendant from another district, . . . except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." *See id.* at §§  3161(h)(1)(D), 3161(h)(1)(F). With respect to the former, once a motion is made, any delay "is automatically excludable . . . from the time [the] motion is filed through the hearing" on the motion. *Bloate v. United States*, 559 U.S. 196, 206 (2010). This is true "irrespective of whether the motion has any impact on when the trial begins." *United States v. Tinklenberg*, 563 U.S. 647, 653 (2011).

The Government argues that, "[a]ll time from the date of Wright's arrest to Indictment is excludable[] because it was delay resulting from the filing of a pretrial motion to its disposition." (Filing No. 31 at 8). The Government points to a motion for Wright's pretrial detention, which was made in the Eastern District of Michigan when the Government petitioned to transfer Wright to this Court. At that hearing, Wright deferred the proceeding to this Court despite knowing that he was entitled to a hearing under 18 U.S.C. § 3142. *Id.*

The record in this case reflects that the issue of pretrial detention while in Michigan was promptly resolved when Wright consented to the detention. *See United States v. Wright*, 2:26-mj-30047-DUTY, dks. 2, 6 (E. D. Mich. Jan. 28, 2026). Assuming a motion was made, the issue of pretrial detention pending Wright's transfer to the Southern District of Indiana was resolved the day of his arrest (January 28, 2026). This did not toll the time to file the indictment.

Next the Government argues that the "presumptively reasonable transportation delay" from Michigan to Indiana "creates an additional excludable delay of ten days." (Filing No. 31 at 9). The Government is correct, but only to the point that ten days is excludable. No explanation is offered for the transportation delay in excess of ten days, at least not one that would rebut the presumption that such delay is unreasonable.

Wright was transferred from the Eastern District of Michigan on January 28, 2026, the same day he was arrested. At this point, the time for filing the indictment was February 27, 2026. Taking each exclusion in reverse order, the statute automatically grants ten days for the transportation but anything in excess is considered unreasonable, so March 9, 2026, was the new deadline. And on March 9, 2026, Wright was brought before the Court for an initial appearance on the complaint. At the hearing, the Government orally moved for Wright's pretrial detention, which was scheduled for a hearing on March 16, 2026. In the meantime, the indictment was filed on March 11, 2026.

The Government points out that this "renewed motion for detention was pending at the time [] the indictment" was filed (Filing No. 31 at 9). Wright did not file a reply, nor did he explain why the indictment was untimely in his motion. He offered only the conclusion that "[n]one of the time . . . since the date of arrest can be considered 'excludable time' under" the Speedy Trial Act (Filing No. 27 at 1). Wright has waived the argument. *See M.G. Skinner & Associates Ins. Agency,*

*Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *see also United States v. Thompson*, 286 F.3d 950, 970 (7th Cir. 2002) (finding failure to file reply brief challenging the Government's argument in the response brief constitutes waiver).

Even assuming Wright did not forfeit the argument, the record shows that the Government made an oral motion[1] for Wright's continued pretrial detention at the hearing on March 9, 2026 (Filing No. 12). This was the new deadline when accounting for Wright's transfer from Michigan. The indictment thus is timely, because it was filed on March 11, 2026, before the hearing on the Government's motion for continued pretrial detention.

The remainder of the Government's response pertains to an argument in the alternative. The Government argues that, if the indictment is found untimely, any dismissal should be without prejudice (Filing No. 31 at 10). However, as the Court declines to dismiss the indictment, the argument need not be addressed.

### IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Indictment (Filing No. 27) is **DENIED**.

IT IS SO ORDERED.

Date:    4/13/2026

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[1] The Court notes, "oral motions toll the clock the same as written motions for purposes of Speedy Trial Act calculations." *Blake v. United States*, 723 F.3d 870, 886 (7th Cir. 2013) (citations omitted).

Distribution:

Richard Mark Inman
Mark Inman Attorney at Law
markinman13@aol.com

Jayson W. McGrath
DOJ-USAO
jayson.mcgrath@usdoj.gov